UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| A.P.G., Inc., Plaintiff | : | |
| v. | : | C.A. No. 98-609T |
| MCI TELECOMMUNICATIONS CORPORATION, Defendant | : | |

**PLAINTIFF A.P.G., INC.'S RESPONSE TO THE COURT'S JULY 10, 2007 SHOW CAUSE ORDER**

Plaintiff A.P.G. Inc. (hereinafter "APG") hereby responds to the Court's order, dated July 10, 2007, that the plaintiff show cause why this action should not be dismissed pursuant to the stipulation between the parties entered by the United States Bankruptcy Court for the Southern District of New York on August 30, 2005.

This case involves a decade-old commercial dispute between plaintiff APG and defendant MCI Telecommunications Corporation ("MCI") involving the sale of prepaid telephone cards to CVS Corporation. The case was originally filed and litigated in the District of Rhode Island before Judge Lisi. The court entered summary judgment against APG on its tortious interference, trade secret and unjust enrichment claims. APG's breach of contract claim was tried to a jury in 2001; however, the court granted judgment as a matter of law against APG at the close of its case on liability. APG then filed an appeal with the United States Court of Appeals for the First Circuit. By the summer of 2002, the case was fully briefed and awaiting oral argument.

On July 21, 2002, shortly before the appeal was scheduled to be argued, defendant's parent corporation, WorldCom, Inc., filed for chapter 11 bankruptcy in the Southern

District of New York, resulting in what is reported to be the largest bankruptcy in the history of the United States. Due to the filing of a bankruptcy petition, the automatic stay (11 U.S.C. § 362) prohibited APG from continuing with the litigation in any respect whatsoever without prior approval from the bankruptcy court. Seeking that approval, APG moved for relief from the automatic stay to permit the first circuit to decide the pending appeal. WorldCom objected and the bankruptcy court denied APG's motion. Consequently, the appeal of this action remained stayed. In its order, however, the bankruptcy court indicated that it may be willing to permit the litigation to continue at a later date. Ex. 1.

In January 2003, APG filed its administrative claim with the bankruptcy court. In October 2003, prior to any action on APG's claim, the bankruptcy court approved WorldCom's chapter 11 reorganization plan. This plan permitted the debtor to adjudicate claims *post emergence* and for payouts to be determined by a court-approved formula based upon the amount of the claim. The chapter 11 plan also included a permanent injunction precluding claimants from prosecuting prepetition claims outside the auspices of the bankruptcy court. Of course, the bankruptcy court retained the power and discretion to permit unresolved claims that were pending (but stayed) in other courts to proceed to liquidation in those courts.

In October 2004, WorldCom denied APG's bankruptcy claim and APG objected to that denial. In August 2005, WorldCom finally agreed to lift the stay of the appeal before the first circuit. This agreement was effectuated by a stipulation and order, entered by the bankruptcy court on August 30, 2005. Ex. 2. The essence of the negotiated agreement, as reflected in the stipulation and order, was that the automatic stay was being lifted to permit

the first circuit to decide the pending appeal. Thereafter, all decisions on the future management of the claim would remain with the bankruptcy court.

Although the stipulation did provide that the modification of the stay did not itself *authorize* further proceedings in the District of Rhode Island, the stipulation was not intended to *prohibit* the bankruptcy court from approving such proceedings in the future. The negotiated agreement was specifically intended to entrust the issue, if it arose, to the sound discretion of the bankruptcy judge. The stipulation did not, and was not intended to, deprive the bankruptcy court of the power or discretion to permit this matter to be tried in Rhode Island for the convenience of the parties.

The first circuit heard argument in this case in the fall of 2005, and rendered its decision on February 8, 2006. Ruling in favor of APG, the court held that the district court erred in granting summary judgment on APG's unjust enrichment claim. *A.P.G. v. MCI*, 436 F.3d 294 (1st Cir. 2006). The court then remanded the case to this Court. 436 F.3d at 307.

Pursuant to the August 30, 2005 stipulation, the matter was then taken up by Judge Gonzalez in the New York bankruptcy court. After additional discovery, MCI sought, and was granted, permission to file another motion for summary judgment on APG's unjust enrichment claim along with a motion in limine. After briefing, the motions were argued on April 17, 2007. On July 5, 2007, the bankruptcy court issued a written decision denying MCI's motion for summary judgment and granting its motion in limine. Ex. 3. This is the current posture of the case.

Now that MCI's motion for summary judgment has been denied, the question arises as to whether the bankruptcy court will permit this matter to be tried in Rhode Island. It is

APG's position that a Rhode Island trial would save an extraordinary amount of expense and alleviate significant logistical problems that would arise if the matter had to be tried in New York. APG has contacted the bankruptcy court and requested a conference with Judge Gonzalez to discuss, inter alia, the bankruptcy court's preference with respect to the venue of the trial of APG's claim. It is anticipated that this conference will be conducted before the end of August.

Because the bankruptcy court may permit this matter to be tried in Rhode Island, APG respectfully requests that this Court maintain this matter on its docket and not dismiss at this time. APG believes that the trial venue will likely be determined at the conference with Judge Gonzalez. As soon as this issue is decided, APG will notify this Court.

If the bankruptcy court requires this action to be tried in New York, APG will not object to this case being dismissed without prejudice to APG's right to prosecute its pending claim in the bankruptcy court. In such circumstances, APG would merely seek to avoid any claim by MCI that such a dismissal was "on the merits" or otherwise carried some preclusive effect.

Respectfully submitted,

Plaintiff, A.P.G., Inc.,

By its Attorneys,

/s/ Howard B. Klein
Howard B. Klein Bar No. 4707
Decof & Decof, P.C.
One Smith Hill
Providence, Rhode Island 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641
hbk@decof.com

## CERTIFICATION

I hereby certify that a true and accurate copy of the within document was sent by e-mail (BerthiaumeM@gtlaw.com) and United States mail, postage prepaid, from Decof & Decof, P.C., One Smith Hill, Providence, RI 02903, to **Mark A. Berthiaume, Esq.**, Greenberg Traurig, LLP, One International Place, Boston, MA 02110, on this 27th day of July 2007.

/s/ Howard B. Klein

response to order