STINSON MORRISON HECKER LLP
Attorneys for Debtors and Debtors in Possession
1201 Walnut Street
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
Mark A. Shaiken, Esq.
W. Dennis Cross, Esq.
Jodi M. Hoss, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 Case No. |
| WORLDCOM, INC., et al., | : | 02-13533 (AJG) |
| | : | (Jointly Administered) |
| Debtors. | : | |

**STIPULATION AND ORDER WITH RESPECT TO LIMITED LIFT OF STAY CONCERNING PROOF OF CLAIM FILED BY A.P.G., Inc. (CLAIM NO. 11605)**

NOW COME the above-captioned reorganized debtors (the "Debtors"), and A.P.G., Inc. ("Claimant") and hereby stipulate as follows:

WHEREAS, On July 21, 2002 (the "Commencement Date"), WorldCom, Inc. and certain of its affiliates and subsidiaries commenced these bankruptcy cases (the "Bankruptcy Cases"); and

WHEREAS, prior to the Commencement Date, Claimant commenced an action against MCI Telecommunications Corp. and others in the United States District Court for the District of Rhode Island ("District Court") captioned "A.P.G., Inc. v. MCI Telecommunications Corp., MCI Communications Corp. and Conserv Corp., C.A. No. 98-609 ML ("District Court Action"); and

WHEREAS, on June 22, 1999, the Clerk granted A.P.G.'s motion in the District Court Action for Entry of Default as to Conserv Corp., and on November 15, 2000, the District Court approved a stipulation dismissing MCI Communications Corporation; and

WHEREAS, on January 8, 2001, the District Court granted MCI Telecommunications Corp.'s motion for summary judgment, dismissing all of A.P.G.'s claims except its breach of contract claim; and

WHEREAS, On November 6, 2001, during the trial on A.P.G's contract claim, the District Court granted MCI's motion for judgment as a matter of law; and

WHEREAS, on January 24, 2002, Claimant filed a Notice of Appeal, appealing the District Court's judgment (the "Appeal"); and

WHEREAS, the record was transmitted to the United States Court of Appeals for the First Circuit (the "First Circuit"), where Claimant and MCI fully briefed the issues presented in the Appeal; and

WHEREAS, the Appeal, which was scheduled for oral argument before the First Circuit on September 6, 2002, was stayed due to Debtors' bankruptcy, and remains in abeyance; and

WHEREAS, after these Bankruptcy Cases were commenced, Claimant filed proof of claim number 11605, asserting the same claims it asserted in the Appeal; and

WHEREAS, the Debtors' Amended Plan of Reorganization was confirmed on October 31, 2003, and the Plan became effective on April 20, 2004 (the "Effective Date"); and

WHEREAS, as a consequence of the Effective Date, a discharge injunction became effective pursuant to § 524(a) of the Bankruptcy Code (the "Discharge Injunction"); and

WHEREAS, the Debtors filed their objection to the Claims as a part of the 72nd Omnibus Objection to Claims [Litigation Claims ](docket no. 12968) (the "Claim Objection"); and

WHEREAS, Claimant filed a Response to the Claim Objection and opposed the expungement of the Claims (the "Response"); and

WHEREAS, in August of 2002, Claimant sought relief from the automatic stay requesting leave to litigate in the First Circuit the issues asserted in this Case and in the Appeal; and

WHEREAS, the Debtors objected to Claimant's request to lift the stay at that early stage of the bankruptcy proceeding; and

WHEREAS, on October 8, 2002, the Court denied Claimant's motion for relief from the automatic stay without prejudice; and

WHEREAS, the parties have negotiated a resolution of Claimant's request to lift the stay as set forth herein;

NOW THEREFORE, the parties hereto agree, and the Court hereby orders, as follows:

1. A.P.G., Inc. is hereby granted relief from the automatic stay of § 362(a) of the Bankruptcy Code to the extent applicable, and further relief from the Discharge Injunction of § 524(a) of the Bankruptcy Code, only for the limited purposes set forth hereafter.

2. A.P.G., Inc. shall be permitted to prosecute the Appeal to conclusion in the First Circuit.

3. If the Judgment is affirmed, the effect of the Judgment will be decided in the Bankruptcy Cases as a part of the Objection.

4. If the Judgment is reversed and remanded for further proceedings at the trial level, the automatic stay and the Discharge Injunction shall remain in full force and effect and are specifically not modified to permit further proceedings in the District Court. Instead, if the Judgment is reversed and remanded, all issues with respect to the Claim will be resolved in this Court in the context of the Objection.

AGREED:

STINSON MORRISON HECKER LLP

By *_/s/ Mark A. Shaiken_*

Mark A. Shaiken, Esq.
W. Dennis Cross, Esq.
Jodi M. Hoss, Esq
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
(816) 842-8600
FAX (816) 691-3495

ATTORNEYS FOR THE REORGANIZED DEBTORS

*_/s/ Howard B. Klein_*

Decof & Decof, PC
Howard B. Klein, Esq.
One Smith Hill
Providence, RI 02903
Tel (401) 272-1110
Fax (401) 351-6641

ATTORNEYS FOR A.P.G., Inc.

SO ORDERED: *_s/ Arthur J. Gonzalez_* *_8/30/05_*
UNITED STATES BANKRUPTCY JUDGE